**In re PRUDENCE-BONDS CORPORATION.**

**In re BROOKLYN TRUST CO.**

**EDDY v. KELSEY et al.**

**No. 272.**

Circuit Court of Appeals, Second Circuit.
March 26, 1945.

Samuel Silbiger, of Brooklyn, N. Y., for appellant.

George C. Wildermuth, of Brooklyn, N. Y., for Clifford S. Kelsey.

Charles M. McCarty, of New York City, for Prudence-Bonds Corporation (New Corporation).

Joseph Nemerov, of New York City, for Tillie Karasik.

Before SWAN, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Appellant's first contention is that he was deprived of property without due process of law by the failure of the district court to afford him a trial to determine whether his objections were meritorious. We cannot accept this argument. The trial judge was well acquainted with the situation from which this compromise evolved. He carefully considered the objections of the appellant and found that they had no merit. The due process clause does not require a court in connection with a proposed compromise to give a hearing so that evidence may be adduced of which it is already fully cognizant.

2. Appellant also contends that the approval of the settlement was an abuse of discretion. We have already indicated that the judge had full knowledge of the underlying situation. The appellant seems to have desired little if anything less than a complete litigation of the issues of law and fact involved. As the trial judge indicated, the only real contention of the appellant is that the settlement should have been larger.

Our function in determining whether the trial judge abused his discretion in approving the settlement is not to substitute our judgment for his, but rather to determine whether, at the time of the approval, the approval was reasonable. We admit that the compromise price does seem small, especially in light of our decision in President and Directors of Manhattan Co. v. Kelby, 2 Cir., 147 F.2d 465. But the trial judge did not have the advantage of our hindsight, and the amount was substantial. He could not be at all sure that his decision in the Manhattan Company case would be affirmed in this court or by the Supreme Court. Litigation is notoriously uncertain; district courts are, at times, reversed, as this appellant knows or he would not have appealed in the instant case. We cannot say that the approval of the settlement was unreasonable.

Affirmed.